**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5213**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TIMOTHY LOVE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, Chief District Judge.  (7:06-cr-00028-D-1)

Submitted:  May 30, 2012                 Decided:  June 5, 2012

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Love pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). Love was sentenced to sixty-three months in prison and three years of supervised release. His term of supervised release began in December 2010.

In May 2011, Love's probation officer petitioned the court to revoke Love's supervised release. The petition listed three violations: (1) use of a controlled substance; (2) failure to participate as directed in a treatment program; and (3) failure to submit required urine samples. An amended petition cited a fourth violation: (4) Love absconded supervision.

At his revocation hearing, Love admitted all the violations. Love's Grade C violations combined with his level VI criminal history category produced a recommended imprisonmnent range of eight to fourteen months. U.S. Sentencing Guidelines Manual, § 7B1.4, p.s. (2011). The district court sentenced Love to the statutory maximum sentence of twenty-four months. See 18 U.S.C. § 3583(e)(3) (2006). Love timely appealed. We affirm.

On appeal, Love challenges his sentence as procedurally unreasonable, arguing that the district court's

reasons for imposing the sentence were unreasonable and its explanation of the sentence insufficient.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable, taking a more deferential posture concerning issues of fact and the exercise of discretion than we do when conducting reasonableness review for Guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is plainly so. Id. at 657.

While a district court must consider Chapter Seven's policy statements and the statutory provisions applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and it has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence imposed, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction

3

sentence." <u>United States v. Thompson</u>, 595 F.3d 544, 547 (4th Cir. 2010). Our review of the record convinces us that the district court adequately explained Love's sentence and sufficiently considered, and rejected, Love's arguments for a lower sentence.

Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>